

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2008

# William Greer v. Karen Hogston

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"William Greer v. Karen Hogston" (2008). *2008 Decisions.* Paper 845.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/845

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1142

WILLIAM D. GREER,
                                    Appellant

v.

WARDEN HOGSTON

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-01076)
District Judge: Honorable Malcolm Muir

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit Judges</u>

(Filed: July 14, 2008 )

OPINION

PER CURIAM

    This is an appeal from the District Court's denial of William Greer's petition for

writ of habeas corpus.  For the following reasons, we affirm.

    In June 2007, Appellant, a federal prisoner formerly confined at the Federal Prison
Camp (FPC-Devens) and Federal Medical Center in Devens (FMC-Devens) in

Massachusetts and now incarcerated in Pennsylvania, initiated a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Appellant's petition contended that his Fifth and Eighth Amendment rights were violated during the course of a prison disciplinary hearing, where he was found to have committed Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution, a violation of Disciplinary Code Section 199 ("Section 199"). Disciplinary proceedings were initiated after prison officials at FMC-Devens discovered a cell phone which they traced back to Greer. On November 16, 2006 Greer was served with an incident report for Use of a Telephone for Abuses other than Criminal Activity, a violation of Disciplinary Code Section 305 and Possession of Anything not Authorized, a violation of Disciplinary Code Section 197. Due to the seriousness of the charges, the Unit Disciplinary Committee ("UDC") referred the charges to a Disciplinary Hearing Officer ("DHO"). On November 29, the DHO advised Greer that instead of being charged with violations of Sections 197 and 305, he was being charged with a violation of Section 199. On December 6, after rescheduling the hearing in order to give Greer a chance to prepare his defense, the DHO found that Greer committed the charged offense and sanctioned him to 45 days of disciplinary segregation, a two year loss of telephone privileges, disallowance of forty days of good conduct time, and recommended a disciplinary transfer from FPC-Devens.

Greer, in his petition, claimed that he received inadequate notice of the charges, that there was insufficient evidence of misconduct relied upon to find him guilty, and that the DHO was biased in making his ruling. On November 30, 2007 the District Court denied the petition, and Greer filed a timely notice of appeal.[1]

We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253(a). We review a District Court's denial of habeas corpus relief de novo. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court acknowledged that the loss of good time credits may create a liberty interest protected by the Due Process Clause. While Greer is a federal prisoner, and therefore his case is governed by the Due Process Clause of the Fifth Amendment, we assume the federal government may also confer such liberty interests on prisoners. See Vega, 493 F.3d at 317 n.4. Greer's due process rights, however, are limited to: 1) an impartial decision-making body; 2) twenty-four hour advance notice of the charges; 3) an opportunity to call witnesses and present documentary evidence; 4) assistance from a representative; and 5) a written decision explaining the evidence relied upon. Wolff, 418 U.S. at 563-67.

For substantially the reasons given by the District Court, we conclude that Greer received all of the required procedural rights set forth in Wolff. Despite Greer's

---

[1] Greer does not challenge the District Court's ruling on the sufficiency of the evidence.

argument to the contrary, nothing in the Bureau of Prisons regulations prevents the DHO from changing the offense charge in the Incident Report prior to a disciplinary hearing. Greer had notice that possession of a cell phone would be treated as Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution since the warden issued a memorandum to the prison population on June 15, 2006 explicitly stating that prisoners would be charged under Section 199 for possession of a cell phone. Moreover, after the change in the charging document, Greer had one week to marshal evidence in support of his defense to the charge of violating Section 199. The District Court correctly determined that the DHO did not violate Greer's due process rights by changing the Incident Report to reflect a more appropriate offense in line with prison policy.

Greer's second argument, that because the DHO changed the charging document he became the "charging officer" and therefore violated his duty to be an impartial decision maker, is likewise meritless. Greer presented no evidence that the DHO was involved in reporting or investigating the cell phone incident, or was in any way personally or substantially involved in the circumstances underlying charge. See 28 C.F.R. § 541.16(b); see also Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974) ("the requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement . . . in the circumstances underlying the charge from sitting on the disciplinary body"). Therefore, we cannot say that the District Court erred in dismissing Greer's procedural due process arguments.

We will affirm the judgment of the District Court.